UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Yolanda Mays,

    Plaintiff,

v.

Global Health Link,

    Defendant.

Case No. 25-cv-4676 (DWF/DJF)

**ORDER**

---

Plaintiff Yolanda Mays has applied for *in forma pauperis* ("IFP") status in this civil action. (ECF No. 2.) "The central question [when assessing an IFP application] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). Upon reviewing the IFP application, the Court concludes that Ms. Mays can afford the cost of this proceeding without undue hardship. Ms. Mays reports that she earns approximately $46,000 per year and expects to earn a similar amount going forward (*see* ECF No. 2 at 1-2)—not an extravagant amount, to be sure, but an amount that would place Ms. Mays at nearly 300 percent of the federal poverty guideline level for a single individual living in Minnesota. Furthermore, according to the IFP application, Ms. Mays has maintained that income, which substantially exceeds her expenses, for nearly half a year. (*See* ECF No. 2 at 2, 4.)

This Court recognizes that the $405.00 filing fee for this action is not a negligible expense and that the events from several months ago described in the complaint are alleged by Ms. Mays to have left her in a precarious financial position. That said, this Court ultimately concludes that

1

Ms. Mays earns a sufficient income to meet the costs of this litigation without risk of undue hardship or deprivation of the necessities of life. Accordingly, the IFP application is denied. Ms. Mays must pay the $405.00 filing fee for this action within 21 days, failing which this action may be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, Ms. Mays is warned that, should she choose to pay the filing fee for this matter and proceed as a non-IFP litigant, she should strongly consider whether to amend her pleading. Ms. Mays seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (ECF No. 1 at 2), based on alleged discrimination due to her race, religion, and national origin (*id.* at 4). Nowhere in the Complaint, however, does Ms. Mays include factual allegations related to discrimination or differential treatment on account of race, religion, or national origin (indeed, it is not even clear from the complaint what Ms. Mays's race, religion, or national origin might be). Accordingly, should Ms. Mays decide to prosecute this action, she should consider amending her Complaint to include further factual allegations that, if later proved true, would establish that Ms. Mays was subjected to discrimination in violation of Title VII.

In addition, should Ms. Mays choose to proceed with this action she should consider reviewing the resources available to pro se litigants on the court's website here: https://www.mnd.uscourts.gov/representing-yourself. This webpage includes links to the local and federal rules of procedure and guides for pro se civil litigants.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of plaintiff Yolanda Mays (ECF No. 2) is **DENIED**.

2. Ms. Mays must pay the $405.00 filing fee for this matter within 21 days of the date of this order, failing which this action may be dismissed without prejudice for failure to prosecute.

Dated: December 29, 2025              *s/ Dulce J. Foster*
                                      Dulce J. Foster
                                      United States Magistrate Judge